UNITED STATES of America,

v.

Franklin INFANTE, Appellant.

No. 02–2811.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) June 2, 2003.

Decided July 9, 2003.

Before BARRY, FUENTES, and ROSENN, Circuit Judges.

OPINION OF THE COURT

ROSENN, Circuit Judge.

The defendant, Franklin Infante, was charged in a criminal complaint with knowingly and intentionally distributing and possessing with intent to distribute more than fifty (50) grams of cocaine base, namely crack cocaine. A Federal Public Defender was appointed to represent him and on January 16, 2002, he pled guilty to a one-count information charging him with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The defendant entered into a written plea agreement and timely notified the prosecution of his intention to enter a plea of guilty. At the sentencing hearing, the defendant moved the District Court pursuant to U.S.S.G. § 4A1.3 for a downward departure from the sentencing guideline range based on an overstatement of his criminal history. The court granted the departure, reducing the criminal history from category IV to category III and the sentencing range from 151–188 months to 135–168 months. The court thereupon imposed a sentence of 140 months imprisonment and entered judgment accordingly. Infante timely appealed pro se.

Appellant's appointed counsel filed a motion and brief stating that he had determined, after a conscientious examination of the case, that "there are no non-frivolous issues that would support an appeal" and requested permission to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The Government also filed a brief and agrees that there are no issues which would support an appeal and are therefore frivolous. The prosecution also agrees that the court should grant defense counsel's motion to withdraw. A review of the plea hearing reveals that the plea was voluntary and that the plea hearing and sentencing proceeding complied with all the requisites of Rules 11 and 32.

Accordingly, the judgment of conviction and sentence is affirmed. The motion for withdrawal by counsel is granted.